UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>          Plaintiff,<br><br>   v.<br><br>MATTHEW STAINER et al.,<br><br>          Defendants. | No. 2:15-cv-2173 KJN P (TEMP)<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT[1]

Plaintiff has identified Matthew Stainer, Dr. Bick, Dr. Ditomas, Dr. Dhillon, and Dr. McAllister as the defendants in this action. Plaintiff alleges that the defendants have refused to provide him with proper medical care for his right shoulder and his right knee. Plaintiff's primary complaint appears to be that the defendants refuse to provide him with surgery, an MRI, and other diagnostic testing and treatment. Plaintiff claims that the defendants have violated his rights under the Eighth Amendment. He seeks damages and injunctive relief. (Compl. at 3 & Attach.)

---

[1] On February 19, 2016, the undersigned issued findings and recommendations, recommending dismissal of this action for plaintiff's failure to file a complaint. Several days later, the court received plaintiff's complaint for filing. Under these circumstances, the court will vacate its findings and recommendations and allow the case to proceed in accordance with this order.

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that to maintain an Eighth Amendment claim based on inadequate medical care, he must allege facts showing defendants acted with deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976). In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This

> second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. To establish a deliberate indifference claim arising from a delay in providing medical care, however, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

Insofar as plaintiff also seeks to assert a claim under the Americans with Disabilities Act ("ADA"), he is advised that Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.

In any amended complaint plaintiff elects to file, he must allege facts showing that defendants discriminated against him or treated him differently *because of* a disability. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) (Title II of the ADA requires intentional discrimination); Rucker v. Trent, No. C 11-4312 YGR (PR), 2012 WL 4677741 at *4 (N.D. Cal. Sept. 30, 2012) ("the ADA prohibits discrimination because of a disability, not inadequate treatment for a disability").  In this regard, to state a claim under the ADA, a plaintiff must allege that:  (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his or her disability.  See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## OTHER MATTERS

Plaintiff has also filed a temporary restraining order seeking surgery for his right shoulder. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See generally

1 Fed. R. Civ. P. 65; see also Local Rule 231(a).  It is the practice of this district to construe a
2 motion for temporary restraining order as a motion for a preliminary injunction.  Local Rule
3 231(a); see also, e.g., Aiello v. OneWest Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092
4 at *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same
5 standard applicable to preliminary injunctions'") (citations omitted).
6     "The proper legal standard for preliminary injunctive relief requires a party to demonstrate
7 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
8 absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction
9 is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting
10 Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  See also 18 U.S.C. § 3626(a)(2)
11 (preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
12 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
13 correct the harm.").  The propriety of a request for injunctive relief hinges on a significant threat
14 of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge,
15 844 F.2d 668, 674 (9th Cir. 1988).
16     Alternatively, under the so-called sliding scale approach, as long as the plaintiff
17 demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
18 public interest, a preliminary injunction may issue so long as serious questions going to the merits
19 of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for
20 Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious
21 questions" version of the sliding scale test for preliminary injunctions remains viable after
22 Winter).
23     The principal purpose of preliminary injunctive relief is to preserve the court's power to
24 render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.
25 Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
26 that the relief awarded is only temporary and there will be a full hearing on the merits of the
27 claims raised in the injunction when the action is brought to trial.  In cases brought by prisoners
28 involving conditions of confinement, any preliminary injunction "must be narrowly drawn,

1  extend no further than necessary to correct the harm the court finds requires preliminary relief,
2  and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
3      In this case, plaintiff has not shown that he is likely to succeed on the merits of his claims
4  or that there are serious questions going to the merits of his case.  As discussed above, plaintiff's
5  complaint, as currently pled, fails to state a cognizable claim for relief under Section 1983.
6  Plaintiff appears to have serious medical needs, but he has not alleged facts or provided this court
7  with evidence to show that the defendants have acted with deliberate indifference to his serious
8  medical needs.  In this regard, based on plaintiff's allegations, this court simply cannot discern
9  whether defendants are denying plaintiff necessary and reasonably available care or whether
10  plaintiff's claims represent mere differences of opinion between a prisoner and prison medical
11  staff as to the proper course of treatment for his medical conditions.  See Snow v. McDaniel, 681
12  F.3d 978, 987-88 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744
13  F.3d 1076, 1083 (9th Cir. 2014) (en banc); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
14  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
15      Because plaintiff has failed to demonstrate that his claim has the requisite merit for
16  issuance of preliminary injunctive relief, the court need not address the adequacy of plaintiff's
17  showing regarding irreparable harm, the balance of the equities presented, or the public interest in
18  the issuance of the requested relief.
19      Accordingly, for all of the foregoing reasons, the court will deny plaintiff's motion for
20  without prejudice.

21                      **CONCLUSION**
22  Accordingly, IT IS HEREBY ORDERED that:
23  1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.
24  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee
25  shall be collected and paid in accordance with this court's order to the Director of the California
26  Department of Corrections and Rehabilitation filed concurrently herewith.
27  3.  Plaintiff's complaint is dismissed.
28  /////

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. The court's February 19, 2016, findings and recommendations are vacated.

7. Plaintiff's motion for a temporary restraining order or preliminary injunctive relief (ECF No. 12) is denied without prejudice.

Dated:  May 2, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

diaz2173.14