UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>           Plaintiff,<br><br>      v.<br><br>MATTHEW STAINER, et al.,<br><br>           Defendant. | No. 2:15-cv-2173 JAM DB P<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  On February 23, 2016, plaintiff filed a complaint regarding the denial of proper medical care.  (ECF No. 11.)  Plaintiff identified defendants Matthew Stainer, Dr. Bick, Dr. Ditomas, Dr. Dhillon, and Dr. McAllister as the defendants in this action.  On May 3, 2016, the complaint was dismissed and plaintiff was given the opportunity to file an amended complaint.  On June 13, 2016, plaintiff was granted a 30-day extension of time to file that amended complaint.  Currently before the court are plaintiff's second motion for an extension of time to file an amended complaint and his "Motion for Contempt of Court."

      In this Motion for Contempt of Court, plaintiff complains about his access to the law library and appears to argue that he was fired from his job at the library for improper reasons.  In this motion for contempt, plaintiff seeks damages in the amount of $1500 against each defendant identified in the caption to that motion for "intentionally interfering with physical meaningful

1

1  access to the courts." Each of those defendants is not a defendant to the present, above-entitled
2  action. Because plaintiff also argues he has inadequate access to the law library, the court
3  construes his request as also seeking injunctive relief to provide him greater library access.

4  With respect to plaintiff's argument that he is entitled to damages and to the extent he is
5  alleging he was improperly fired from his employment at the library, plaintiff may not raise those
6  claims in this case because the people he alleges have caused him harm are not defendants in this
7  action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is
8  elementary that one is not bound by a judgment . . . resulting from litigation in which he is not
9  designated as a party . . . ."). If plaintiff wishes to seek relief based on his library employment, he
10 must file a separate action with those allegations.

11 With respect to plaintiff's argument that the prison should provide greater library access,
12 plaintiff fails to show why injunctive relief is appropriate. In cases brought by prisoners
13 involving conditions of confinement, a preliminary injunction "must be narrowly drawn, extend
14 no further than necessary to correct the harm the court finds requires preliminary relief, and be the
15 least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). "A plaintiff seeking
16 a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely
17 to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in
18 his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense
19 Council, 555 U.S. 7, 20 (2008). The principal purpose of preliminary injunctive relief is to
20 preserve the court's power to render a meaningful decision on the merits of the case, see 11A
21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010),
22 that is, to preserve the status quo pending a determination on the merits, Sierra Forest Legacy v.
23 Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citation omitted). Further, as stated above, an
24 injunction against individuals not parties to an action is strongly disfavored. Zenith Radio Corp.,
25 395 U.S. at 110.

26 An inmate has a constitutionally protected right of meaningful access to the courts.
27 Bounds v. Smith, 430 U.S. 817, 820–21 (1977). However, there is no freestanding constitutional
28 right to law library access for prisoners. See Lewis v. Casey, 518 U.S. 343, 350–51 (1996).

Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. See id. at 351. "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). A prisoner claiming that his right of access to the courts has been (or will be) violated due to inadequate library access must show that: (1) access was (or will be) so limited as to be unreasonable, and (2) the inadequate access caused (or will cause) actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury in alleging his access to the courts has been impeded. That is, it is not enough for an inmate to show some sort of denial of access and leave it at that. He must also show "actual injury" from the denial or delay of services. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate ... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351. If the underlying action is frivolous, a plaintiff cannot make the necessary showing of actual injury. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff's only specific argument about law library access is that the library is open just four hours per week. Plaintiff also states that he was told by staff "'nothing says I have to allow you into the law library.'" However, he does not explain whether this occurred when the law library was otherwise open and accessible to others. Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. He fails to show that he requires greater library access to respond to the court's order giving him leave to file an amended complaint. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). Plaintiff has provided no basis for

1 this court to interfere with the prison's administration of its law library, so his request for
2 injunctive relief should be denied.

3      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time
4 to file an amended complaint (ECF No. 20) is granted.  However, plaintiff is warned that no
5 further extensions of time will be granted.  Plaintiff shall file an amended complaint within thirty
6 days of the filed date of this order.  If he fails to do so, the court will recommend dismissal of this
7 action without prejudice.

8      IT IS RECOMMENDED that the motion for contempt of court (ECF No. 22), construed
9 as a motion for injunctive relief, be denied.

10      These findings and recommendations are submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
12 after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties. Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
15 shall be served and filed within seven days after service of the objections. The parties are advised
16 that failure to file objections within the specified time may waive the right to appeal the District
17 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

18 Dated:  August 31, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/Diaz2173.libr acc